# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN A. PARADA, | ) Case No. CV 12-643 JAK (MRW) |
| Petitioner, | ) |
| vs. | ) ORDER DISMISSING ACTION |
| PEOPLE OF STATE OF CALIFORNIA, | ) |
| Respondent. | ) |

    The Court vacates the reference of this action to the Magistrate Judge and dismisses Petitioner's defective state habeas action as untimely.

    Petitioner Parada seeks habeas relief from a 2000 state court guilty plea to a drug charge. He received a 2-year sentence for that offense. Petitioner did not appeal his plea or sentence.

    Petitioner apparently "became aware" of a discrepancy in his state court conviction several years later. He believes that he actually pled guilty to a marijuana distribution charge [Cal. H&S C. § 11359], but was improperly found to have pled to a narcotics distribution offense [Cal. H&S C. § 11351]. (Docket # 1 at 2.) In a subsequent filing with the Court after the Magistrate Judge screened the petition, Petitioner stated that this issue arose when he was sentenced on a federal

charge in 2005.[1] (Docket # 4 at 2.) Petitioner is currently incarcerated in a federal prison in New York where he is serving a 405-month sentence.

Petitioner claims that his federal sentence was "enhanced" improperly based on his previous California drug conviction. However, neither his petition nor his letter explain how Petitioner was prejudiced in the federal case by his state conviction. Additionally, according to the petition, Petitioner did not begin to seek state habeas relief for his California conviction until 2010. Also, even though Petitioner is in federal custody for his subsequent criminal case, he does not contend that he is incarcerated based on a sentence in his 2000 California drug case.

* * *

28 U.S.C. § 2241(c)(3) states that a federal court may issue a writ of habeas corpus to "a prisoner" who is "in custody in violation of the Constitution." The key purpose of the "in custody" provision is to ensure that a litigant's habeas action is a real controversy meriting judicial attention and is not moot. Leyva v. Williams, 504 F.3d 357, 363 (3rd Cir. 2007). According to the face of Petitioner's habeas filing, though, his custodial sentence expired nearly a decade ago. Petitioner's claim that his current prison term was enhanced based on his original, expired conviction is insufficient to meet the prisoner-in-custody requirement for federal habeas relief. The Court therefore does not have jurisdiction over Petitioner's claim.

Additionally, under federal law, state prisoners have a one-year period within which they must seek federal habeas review of their habeas claims. 28 U.S.C. § 2244(d)(1). The limitations period is generally triggered when the

---

[1] In screening the petition, the Magistrate Judge informed Petitioner about the apparent defects with his case. The Magistrate Judge also declined to order service of the petition on the California Attorney General.

2

time for appellate review becomes final, or under other specific conditions set forth in the statute. 28 U.S.C. § 2244(d)(1)(A-D); Gonzalez v. Thaler, ___ U.S. ___, 132 S. Ct. 641, 653 (2012); Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011). On its face, Petitioner's federal action is untimely. After he pled guilty, Petitioner waited nearly a decade to seek state habeas relief for his conviction. Based on this information in the four corners of the petition and Petitioner's explanatory letter to the Court, his habeas action falls well outside the AEDPA limitations period.

Therefore, this action is hereby DISMISSED with prejudice.

IT IS SO ORDERED.

DATED: March 8, 2012

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE